UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GAYLE LESLIE and MICHAEL JACKSON,

                       Plaintiffs,         Docket No.: 21-CV-5414

  -against-

THE CORCORAN GROUP and CRAIG
HOLLANDER

                       Defendants.
-------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Lieb at Law, P.C.<br>
Mordy Yankovich, Esq.<br>
308 W. Main Street, Suite 100<br>
Smithtown, NY 11787<br>
Mordy@Liebatlaw.com

## **TABLE OF CONTENTS**

Preliminary Statement..........................................................................................................3

Standard of Review………………………………………………………………...………4

Argument ...............................................................................................................................5

        POINT I: Defendants did not Discriminate against Plaintiffs Based on Race as a Matter of Law ...........................................................................................................5

        POINT II: Defendants did not Discriminate against Plaintiffs Based on their Lawful Source of Income as a Matter of Law .........................................................9

Conclusion ...........................................................................................................................14

## PRELIMINARY STATEMENT

Defendants' motion for summary judgment should be granted because Defendants did not discriminate against Plaintiffs based on their lawful source of income or race, as a matter of law. Plaintiffs' allegations are all based on "mere belief", unsupported by any material evidence. Defendant Hollander did not make any statements inferring that he would not rent to a Section 8 voucher holder or to an African American. Rather, these claims were contrived by Plaintiffs who refused to cooperate with Defendant Hollander. They failed to timely submit the management company's application, necessary documentation in support of the application, insisted on correspondence solely via email, and did not heed the advice of an experienced salesperson, Defendant Hollander, who has successfully placed many voucher holders. Plaintiffs were ultimately not accepted to rent the apartment at 55 Cooper Street in Inwood ("Apartment") because they did not submit a completed application – claiming, incorrectly, that they did not have to - and insisted on the offered free months rent being amortized over the course of the lease (lowering the monthly rent), to which the landlord/management company was not amenable.

The Apartment was ultimately rented to an applicant who was not represented by Defendants - who submitted their application seven (7) days prior to the date in which Plaintiffs finally submitted their application. In fact, Defendants did not even know that Plaintiff Jackson or his son were African American (since Defendant Hollander only spoke/met with Plaintiff Leslie who is Caucasian) until Plaintiffs finally submitted their application six (6) days after the apartment was already rented, rendering Plaintiffs' claim that they were discriminated based on their race to be frivolous.

For these reasons, stated more fully below, there are no genuine issues of material facts as to all of Plaintiffs' claims entitling Defendants to summary judgment and a dismissal of the instant Complaint in its entirety, as a matter of law.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper if no genuine issue of material fact can be found in the pleadings, depositions, admissions or affidavits such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the burden of establishing the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). When the movant demonstrates through competent evidence that no material facts are genuinely in dispute, the non-moving party must set forth specific facts showing that there is a genuine issue for material fact for trial. Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (quoting Fed. R. Civ. P. 56(e)). The non-movant cannot avoid summary judgment through mere speculation or conjecture. See id.; Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences from evidence presented. See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 255 (1986). Because there is an absence of genuine issues of material facts in this matter, Defendants respectfully request that the Court grant its motion for summary judgment, dismissing the Complaint in its entirety.

## ARGUMENT

**I.     DEFENDANTS DID NOT DISCRIMINATE AGAINST PALINTIFFS BASED ON RACE AS A MATTER OF LAW.**

Plaintiffs allege causes of action of racial discrimination both under the Fair Housing Act ("FHA") and pursuant to 42 U.S.C. §§ 1981-1982. Plaintiffs cannot establish a material issue of fact of race discrimination under either of these statutes.

### a. Plaintiffs' Cannot Establish a *Prima Facie* Case of Race Discrimination under The Fair Housing Act.

Claims of housing discrimination made pursuant to the FHA are evaluated under the *McDonnell Douglas* burden shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003); Mancuso v. Douglas Elliman, 808. F.Supp.2d 606, 617 (S.D.N.Y. 2011). Per the burden-shifting framework, Plaintiffs must first establish a *prima facie* case by showing that (1) they are members of a protected class; (2) that they sought and were qualified to rent or purchase the housing; (3) that they were rejected; and (4) that the housing opportunity remained available to other renters or purchasers. Id. This District as well as the Eastern District of New York has replaced the 4th prong with "the rejection occur[ing] in circumstances giving rise to an inference of discrimination." Haber v. ASN 50th St. LLC, 847 F. Supp.2d, 578,585 (S.D.N.Y. 2012); Babul v. Demty Associates Limited Partnership, 2019 WL 79423 (E.D.N.Y. 2019).

If the Plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to assert a legitimate, non-discriminatory rationale for the challenged decision. Id. If the defendant makes such a showing, the burden shifts backs to the plaintiff to demonstrate that discrimination was the "real reason" for the defendant's action. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003); Mancuso v.

Douglas Elliman, 808. F.Supp.2d 606, 617 (S.D.N.Y. 2011). Summary judgment is appropriate if no reasonable jury could find that the defendant's actions were motivated by discrimination. Id.

Here, Plaintiffs cannot establish a *prima facie* case of race discrimination. While Defendants do not dispute that Plaintiff Leslie is a member of a protected class - African American - Plaintiffs cannot establish that they were qualified to rent the apartment located at 55 Cooper Street, Apt #3F. Courts in this Circuit have interpreted "qualified" to mean that an applicant has to comply with a landlord's established lawful criteria for renting an apartment. Mancuso, 808 F.Supp.2d 606, 618 (S.D.N.Y. 2011); Burks v. Eagan Real Estate Inc., 742 F.Supp.49, 53 (N.D.N.Y. 1990) (Dismissing plaintiff's complaint because the prospective buyer failed to tender financial statements as required by the owner).

It is undisputed that Defendant Hollander requested that Plaintiffs submit an application and specific documents **prior** to Defendant Hollander becoming aware that Plaintiff Jackson was African American. See **Exhibit "B"**; Defendants' Statement of Material Facts ("DSOMF") at Pars. 33, 46, 56. Specifically, on January 12, 2021, Defendant Hollander, after informing Plaintiff Leslie during their meeting that day that she needed to submit an application, sent an email to Ms. Leslie requesting the following documents in order to be able to submit the offer on their behalf: (1) three consecutive current pay stubs from your current employer (In lieu of this, for new hires, submit an offer letter from your new employer and pay stubs from your previous job); (2) a clear copy of picture identification (for example, driver's license); (3) a copy of your last 2 Federal Income Tax Returns and Forms W-2; and (4) a copy of your last 2 monthly bank statements. **Exhibit "B"**. It is further undisputed that Plaintiffs refused to submit those documents and a completed application until January 25, 13 days after Defendant Hollander requested the documents via email. DSOMF at Pars. 60, 70, 76, 77, 82. By the time Defendant

Hollander received the application from Plaintiffs, the apartment was already rented to an applicant who submitted his/her completed application on January 18, 2021 (7 days prior to Plaintiffs) via a different brokerage. **Exhibit "O"**. DSOMF at 86. Defendant was, thus, not qualified to rent the apartment as a matter of law.

As a separate failure to establish a *prima facie* case under the standard in Haber and Babul, Plaintiffs cannot establish an inference of discrimination because Defendant Hollander never stated or inferred that he would not assist in renting an apartment to an African American and did not know that Plaintiff Jackson was African American until 6 days after another application was accepted. **Exhibit "O"**; DSOMF at Pars. 26, 82. Plaintiffs' claims, pursuant to the FHA, should, thus, be dismissed based on its failure to establish a *prima facie* case of race discrimination.

> **b. Even if the Court Finds that Plaintiffs Can Establish a *Prima Facie* Case of Race Discrimination under the FHA - which it should not – Defendants Possess a Legitimate, Non-Discriminatory Reason for its Actions.**

Defendants have clearly provided a legitimate non-discriminatory reason as to why Plaintiffs' application was not accepted. As stated above, Plaintiffs refused to submit the requested documentation - which the landlord required - until 13 days after it was first requested. DSOMF at Par. 82. In the interim, another applicant, via a different brokerage, submitted a completed application on January 18, 2021 (7 days prior to Plaintiffs), which was accepted on January 19, 2021. **Exhibit "O"**; DSOMF at Par. 86.

Because Defendants have provided a legitimate non-discriminatory reason, the burden shifts back to the Plaintiffs to demonstrate that the discrimination was the "real reason" for the Defendant's action. Such a showing is an impossibility because another applicant was accepted six (6) days prior to Defendant Hollander being aware that Plaintiff Jackson and/or his son were

African American. **Exhibit "K"**; DSOMF at Pars. 50, 80, 86. No reasonable jury could, thus, find that the Defendants' actions were motivated by race discrimination.

### c. Plaintiffs Cannot Establish a Genuine Issue of Material Fact as to its Claim of Race Discrimination Pursuant to 42 U.S.C. §§ 1981-1982.

Housing discrimination claims brought under 42 U.S.C. §§ 1981-1982 are, similarly, analyzed under the McDonnell Douglas burden shifting test. Mitchell v. Century 21 Rustic Realty, 233 F.Supp.2d 418 (E.D.N.Y. 2002). The same analysis above, thus, applies to Plaintiffs' §§ 1981-1982 claims. In addition, this Circuit has held that where there is no evidence that the defendant(s) had any knowledge of a plaintiff(s)' race until after an offer was rejected and a separate offer was accepted, summary judgment in favor of defendant(s) is appropriate under 42 U.S.C. §§ 1981-1982 (in addition to under NYSHRL and the FHA). See Mitchell v. Shane, 350 F.3d 39 (2d Cir. 2003). Here, it is undisputed that Defendants were unaware of Plaintiff Jackson's and/or his son's race until Plaintiffs submitted their application along with picture identifications on January 25, 2021. **Exhibit "K"**; DSOMF at Pars. 50, 80, 82 86. Plaintiff Jackson had never met or spoken to Defendant Hollander (other than via email) during the entire process. DSOMF at Par. 35. Prior to January 25, 2021, Plaintiffs had failed to submit an application and/or the requested documents. Thus, their proposal was not accepted. In addition, an offer from another applicant was accepted on January 19, 2021, 6 days prior to Defendants being aware that Plaintiff Jackson and/or his son were African American. **Exhibit "O"**; DSOMF at Pars. 50, 80, 82 86. Since Defendants had no knowledge of Plaintiff Jackson's or his son's race until **after** Plaintiffs' proposal was denied and **after** another applicant was accepted, Defendants' motion for summary judgment as to Plaintiffs' race discrimination claims pursuant to §§ 1981-1982 should be granted.

## II. DEFENDANTS DID NOT DISCRIMINATE AGAINST PALINTIFFS BASED ON THEIR LAWFUL SOURCE OF INCOME AS A MATTER OF LAW.

Plaintiffs allege claims of housing discrimination based on lawful source of income under both the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Plaintiffs cannot establish a material issue of fact of discrimination based on lawful source of income under either of these statutes.

### a. Plaintiffs Fail to Establish a *Prima Facie* Case of Discrimination Based on Lawful Source of Income Pursuant to the NYSHRL and NYCHRL.

Federal Courts in this Circuit apply the *McDonnell Douglas* burden shifting framework to claims of housing discrimination under the NYSHRL and the NYCHRL. Haber v. ASN 50th St. LLC, 847 F. Supp.2d 578, 585 (S.D.N.Y. 2012). New York State Division of Human Rights v. Caprarella, 82 A.D.3d 773 (2d Dept. 2011).

For the same reasons stated above in opposition to Plaintiffs' claims of race discrimination, Plaintiffs cannot establish that they were qualified to rent the apartment in question because they did not comply with the landlord's/ management company's established, lawful criteria. Mancuso, 808 F.Supp.2d 606, 618 (S.D.N.Y. 2011). Specifically, Plaintiffs failed to submit a completed application (with the requested documents), even though it was requested by Defendant Hollander prior to having any knowledge that Plaintiffs possessed a Section 8 Voucher. DSOMF at Par. 56, 57; **Exhibit "B"**.

As a separate reason as to why Plaintiffs were not qualified to rent the Apartment, Plaintiff did not offer to pay within $50 of the asking rent ($2,300) and requested that the offered free months rents be amortized over the course of the lease, which Defendant Hollander informed Plaintiffs the landlord would not do. DSOMF at Par. 66. **Exhibit "F"**. Plaintiffs, thus, cannot establish that they were qualified to rent the Apartment.

As a separate failure to establish a *prima facie* case under the standard in Haber and Babul, Plaintiffs cannot establish an inference of discrimination based on lawful source of income because Defendant Hollander never stated or inferred that he would not assist in renting an apartment to a voucher holder. DSOMF at Par. 26. To the contrary, Defendant Hollander has assisted hundreds of voucher holders in securing housing. DSOMF at Par. 64. Defendant Hollander tried to assist Plaintiffs in securing housing. However, Plaintiffs did not submit the necessary documentation and treated Defendant Hollander in a hostile manner. Namely, Plaintiff Leslie refused to speak to Defendant Hollander prior to the initial meeting (even though that was common practice so Defendant Hollander could gauge the applicant's interest level for certain apartments/locations/prices), cut off all communication other than email after informing Defendant Hollander that they possessed Section 8, refused to produce the requested documents, and inserted a disclaimer regarding discrimination in an email to Defendant Hollander even though Plaintiffs had no legitimate reason to believe the Defendant Hollander was engaging in discrimination. **Exhibit "H"**; **Exhibit "E"**; **Exhibit "T";** DSOMF at Pars. 58-65. Plaintiffs have, thus, failed to establish a *prima facie* case of discrimination based on lawful source of income.

      **b. Even if the Court Finds that Plaintiffs Can Establish a *Prima Facie* Case of Discrimination Based on Lawful Source of Income - which it should not – Defendants Possess a Legitimate Non-Discriminatory Reason for its Actions.**

As stated above, Plaintiffs' proposal was not accepted because they did not submit the application and requested documents and, separately, their proposal - to amortize the free rent over the course of the lease - was not acceptable to the landlord. When Plaintiffs finally submitted the application, 13 days after it was requested by Defendant Hollander, the apartment had already been rented. See **Exhibit "O"**.

Plaintiffs cannot establish an issue of fact as to whether discrimination based on lawful source of income was the "real reason" for the denial. Based on Plaintiffs' deposition testimony only the following was offered as "evidence" in support of its claim of discrimination based on lawful source of income:

1) Defendants "slow-played" Plaintiffs' application once Defendant Hollander was informed that Plaintiffs possessed a Section 8 voucher. DSOMF at Pars. 68, 79.

2) Defendant Hollander made comments while showing Plaintiff Leslie apartments that made her believe that he was adverse to renting to a voucher holder. DSOMF at Par. 32.

3) Defendant Hollander went in for the "hard sell" initially, but there was a downward shift in his efforts once he was informed that Plaintiffs had a voucher. DSOMF at Par. 69.

4) Plaintiffs did not need to submit a completed application because they already submitted an executed voucher. DSOMF at Par. 60.

5) Defendant Hollander "stood up" Plaintiff for their meeting at the park.

6) Defendant Hollander was lying when he stated that the apartment was off the market. DSOMF at Par. 85.

None of these arguments – which will be addressed in turn – are persuasive.

First, there is no evidence that Defendants delayed - let alone - intentionally delayed Plaintiffs' application because they were voucher holders. After Plaintiffs submitted their proposal on January 14, 2021 (which Defendant Hollander told Plaintiffs would likely not be accepted even before he knew that they were voucher holders), Defendant Hollander responded within two (2) days that the proposal was submitted to the landlord via Corcoran's account manager and reiterated that the landlord was unlikely to amortize the rent. **Exhibit "F"**. After the holiday weekend, on January 21 2021, Defendant Hollander again emailed Plaintiffs asking for

the application. **Exhibit "G"**. Finally, on January 25, 13 days after Defendant Hollander requested the application, the completed application was submitted. **Exhibit "K"**. The delay in processing the application was, thus, solely caused by Plaintiffs' failure to timely submit an application.

Second, none of the comments which Defendant Hollander made during his meetings with Plaintiff Leslie infer that he would refuse to assist a voucher holder in securing an apartment. The only comments Plaintiffs alleged created an inference of discrimination are comments that there is more crime East of Broadway than West of Broadway and a comment while passing a building under construction, that it will take the city 30 years to complete the affordable housing. DSOMF at Pars. 25, 32, 34. None of these comments can reasonably be interpreted to infer that Defendant Hollander would refuse to assist a voucher holder in securing an apartment. To the contrary, he has assisted hundreds of voucher holders in securing housing. DSOMF at Pars. 63, 64.

Third, any breakdown in communication between Plaintiffs and Defendant Hollander was caused by Plaintiffs. After Plaintiff Leslie informed Defendant Hollander that she possessed a voucher (Plaintiff Leslie did not inform Defendant Hollander of such during their initial meetings which is unusual), Plaintiff Leslie insisted that any further communication be via email and refused to even call Defendant Hollander when he immediately asked Plaintiff to speak to discuss the voucher process after Plaintiff Leslie informed Defendant Hollander that she possessed a voucher. **Exhibit "E"**. Plaintiffs' allegations that Defendant Hollander was less communicative/aggressive once Plaintiff Leslie informed Defendant Hollander that they possessed a voucher when she was the one who insisted on limiting/restricting communications is outright bizarre.

Fourth, as stated above, a landlord is permitted to enforce established lawful criteria for applicants. There is nothing which prohibits a landlord/broker from insisting that an applicant submit a completed application. **Exhibit "W"**. Plaintiff finally expressly understood this when, on January 22, 2021, they informed Defendant Hollander that they would be submitting the application and requested paperwork. **Exhibit "H"**.

Regarding the fifth point, while Defendants acknowledge that "who stood up whom" at the park is a factual dispute, it is not a material issue of fact because it is undisputed that at the time in which the parties were supposed to meet Defendant Hollander was unaware that Plaintiffs possessed a voucher.

Sixth, there is absolutely no evidence that Defendant Hollander lied when he informed Plaintiffs that the apartment was rented. Rather, Peter Georvas was informed by the management company that an application was received on January 18, 2021 and was approved the next day. Exhibit "O".

Further supporting Defendants' position is the contrived nature of Plaintiffs' claims. Plaintiffs first contacted Ms. Roman to inquire regarding a potential source of income discrimination claim after viewing the Pinehurst apartment on the first day, which she admitted she was not interested in renting. **Exhibit "T"**; DSOMF at Pars. 22, 23. Instead of working with Defendant Hollander to secure the apartment, Plaintiffs shut off communications with Defendants, refused to submit the required documentation (even though they later agreed to submit), continued to contact Ms. Roman to concoct a case of discrimination and even included such a disclaimer in an email to Defendant. **Exhibit "B", Exhibit "E", Exhibit "H"**. Had Plaintiffs been responsive to Defendant Hollander they might have had the Apartment. Instead,

they have frivolous discrimination claims which should be dismissed in their entirety for failure to establish a material issue of fact.

## CONCLUSION

Defendants' motion for summary judgment should be granted as a matter of law, resulting in the dismissal of the instant Complaint, in its entirety.

Dated: October 24, 2022
       Smithtown, New York

                                LIEB AT LAW, P.C.

                                _____
                                Mordy Yankovich, Esq.
                                *Attorneys for Plaintiff*
                                308 W. Main Street, Suite 100
                                Smithtown, NY 11787
                                Mordy@Liebatlaw.com