UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAYLE LESLIE, *et al.*,
                        Plaintiffs,

-v-

THE CORCORAN GROUP, *et al.*,
                        Defendants.

21-CV-5414 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      On June 20, 2021, Plaintiffs Gayle Leslie and Michael Jackson commenced this action, alleging that Defendants Craig Hollander and the Corcoran Group ("Corcoran") discriminated against them in connection with their lease application for an apartment on the basis of both race and income. (*See* ECF No. 1.) On September 2, 2021, Plaintiffs filed an Amended Complaint. (ECF No. 15 ("AC").) The Amended Complaint consisted of (1) federal race discrimination claims, alleging violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, as well as 42 U.S.C. §§ 1981 – 1982; and (2) New York City and State law income discrimination claims under the New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL"). (AC ¶ 2.)

      On November 1, 2022, Defendants jointly moved for summary judgment as to all claims asserted by Plaintiffs. (ECF No. 30.) In their moving papers, Defendants devote approximately six full pages, or half of the substantive section of their brief, to arguments as to why the federal race discrimination claims fail beyond genuine dispute under the governing law, specifically the *McDonnell Douglas* burden-shifting framework. (ECF No. 32 ("Def. Memo") at 5 – 9.)

      In response, Plaintiffs fail to address any of Defendants' arguments and evidence in support of summary judgment on Plaintiffs' race discrimination claims. Instead, Plaintiffs argue

1

solely that their State and City income discrimination claims are adequate to survive summary judgment.  (*See generally* ECF No. 39.)

Plaintiffs have thus abandoned their federal race discrimination claims.  Statements and arguments made by Defendants, supported by admissible evidence, and wholly ignored by Plaintiffs at the summary judgment stage, are deemed admitted.  *See Carzoglio v. Adams*, No. 18-cv-4198 (PMH), 2022 WL 2193376, at *1 (S.D.N.Y. June 17, 2022) ("Statements made by Defendant that are supported by admissible evidence and not refuted by Plaintiff will be deemed admitted." (citing *Mirza v. Garnet Health*, No. 20-cv-0556 (PMH), 2022 WL 826410, at *2 n.6 (S.D.N.Y. March 17, 2022))).

Accordingly, the Court GRANTS summary judgment in favor of Defendants on Plaintiffs' FHA claim and their claim under sections 1981 and 1982.

Having dismissed Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over their remaining claims, which arise under state and local law.  *See In re Merrill Lynch LP Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (per curiam) ("[W]hen the federal claims are dismissed[,] the 'state claims should be dismissed as well.'" (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Accordingly, Plaintiffs' NYCHRL and NYSHRL claims are dismissed without prejudice to refiling in state court.

The Clerk of the Court is respectfully directed to close the Docket Entry at ECF Number 30.  The Clerk of the Court is further directed to close this case.

SO ORDERED.

Dated: August 23, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge